## LAMAR, Trustee et al. *v.* NYLEN et al.

[No. 84, September Term, 1965.]

 

*Decided January 7, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*Stedman Prescott, Jr.,* and *John F. Hillyard* for the appellants.

*Warren Browning* for the appellees.

PER CURIAM.

This appeal is by a trustee in bankruptcy of Royale Gardens, Inc., former builders of homes in a real estate development and by Lamar & Wallace, Inc., suppliers to the bankrupt, from orders of the Circuit Court for Prince George's County ratifying, over objection, auditor's reports disbursing proceeds of foreclosure sales to the holder of the note secured by a first deed of trust.

Royale bought a tract of land for development and gave back a purchase money deed of trust. The sellers agreed to subordinate this trust to construction loan liens when Royale was ready to build. Frederick W. Berens, Inc. lent Royale money to build houses under a construction loan deed of trust after the trustees under the purchase money deed of trust had executed a subordination agreement, as they were authorized to do, which was duly recorded.

The construction loan agreement provided for a schedule of payments at various stages of completion of the houses to be built but it also provided that "* * * the Lender may pay any part of, or the whole of any payment before it becomes due, and the same shall be deemed to have been made in pursuance

of this Agreement." The claim of the appellants is that Berens made advances before they were justified by the stage of completion of the houses at times when it knew that there were then creditors of Royale due large sums for supplies furnished to and labor performed on the houses being built, and that Berens lost its lien as to such money voluntarily advanced with actual knowledge of the claims of unpaid potential mechanic lienors.

Some forty-six houses were sold on foreclosure under the construction loan and there was no deficit in any sale, and surpluses totalling $29,012.38 were paid to the holders of the indebtedness secured by the subordinated deed of trust.

Judge Parker held that in the absence of fraud or bad faith—and counsel for appellants would not proffer to show either when invited by Judge Parker to do so if they could—Berens was free to advance money as it wished as far as creditors of Royale without liens at the time the advances were made were concerned. It is conceded that there were only two lienors at the time of the advances, Berens and the subordinated purchase money lienors, who protesteth not. .

We think Judge Parker was right. The appellants' faith in and reliance on the case of *Frank M. Ewing Co. v. Krafft Co.,* 222 Md. 21, as the cornerstone of their contention is misplaced. *Ewing* held no more than that a voluntary advance by a senior lienor with actual knowledge of intervening liens ranks behind those intervening liens. We know of no authority and have been referred to none for the proposition that a construction loan lienor, absent fraud or bad faith, may not make advances permitted by his loan instruments when there are no other liens outstanding without losing his lien to creditors of the builder who may eventually become lienors, yet this is what we are asked to hold. We see no basis for so holding even if we were judicially inclined to do so.

The appellees filed a motion to dismiss on the ground that the case was moot. That question is not free from doubt but the view we take of the case makes it unnecessary to decide it.

*Orders affirmed, with costs.*